UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV36 CDP |
| ) | |
| TEXAS ROADHOUSE HOLDINGS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This is a slip-and-fall case. Plaintiff, Brenda Johnson, alleges that she was injured after falling at a Texas Roadhouse restaurant. Johnson (a Missouri citizen) sued defendant Texas Roadhouse Holdings, LLC (a Kentucky citizen) in Missouri state court, and Texas Roadhouse timely removed the case to federal court on the basis of diversity. Johnson has now moved for leave to file an amended complaint to add a second defendant - Byron Wofford - who is an employee of defendant Texas Roadhouse (and a citizen of Missouri). Texas Roadhouse opposes the motion, arguing that the purpose of the amendment is to defeat federal jurisdiction. Johnson did not file a reply. Because I find that Johnson's intent in joining Wofford was to defeat federal jurisdiction, that she purposefully waited until after removal to add the non-diverse defendant, and that she will not be significantly injured if the amendment is not allowed, I will deny the motion to amend.

**Background**

Johnson alleges that she was hurt when she slipped on peanut shells while dining at a Texas Roadhouse restaurant in March 2009. Johnson sued Texas Roadhouse, as the owner, operator, and entity in charge of maintenance of the restaurant, alleging that Texas Roadhouse failed to use ordinary care to prevent her fall. She filed suit in state court on November 25, 2009, and Texas Roadhouse removed the case to federal court on January 11, 2010. The parties attended a Rule 16 scheduling conference on February 26, 2010, and I issued a Case Management Order on March 1. On May 4, 2010, two months after the scheduling order and four months after removal, Johnson filed this motion to amend.

In her motion, Johnson alleges that, through discovery, she has learned the identity of Byron Wofford, who is the individual allegedly responsible for maintaining the floor in the area of the restaurant where she fell. In her proposed amended complaint, Johnson identifies Wofford as an "agent, servant, and employee of Defendant Texas Roadhouse Holdings, LLC," who was acting "within the course and scope of his employment and agency." Johnson has moved to join Wofford as a defendant under Fed. R. Civ. P. 20(a), which governs the permissive joinder of parties.[1] While Johnson does not specifically allege Wofford's

---

[1] Johnson does not argue that joinder of Wofford is required under Fed. R. Civ. P. 19, which governs the joinder of necessary and indispensable parties.

citizenship in the amended complaint, she lists his address as a Missouri address, and she does not contest Texas Roadhouse's contention that he is a Missouri citizen. Johnson does not mention, in her motion or amended complaint, that joining Wofford would defeat federal jurisdiction. Johnson also moved for a hearing on her motion, but did not file a reply brief.

**Discussion**

Under 28 U.S.C. § 1447(e), when a plaintiff seeks to join an additional defendant after a case has been removed to federal court, and where such joinder would destroy subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In the Eighth Circuit, when a district court is faced with the proposed addition of a non-diverse defendant after removal, the district court should scrutinize the proposed amendment "more closely than an ordinary amendment." *Johnson v. Travelers Home & Marine Ins. Co.*, No. 4:10CV520 JCH, 2010 WL 1945575, at *1 (E.D. Mo. May 12, 2010) (quoting *Sexton v. G. & K. Servs. Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)). Although under Fed. R. Civ. P. 15(a) leave to amend should be freely given "when justice so requires," and Rule 20 permits joinder of proper parties, "[i]n this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Bailey v. Bayer*

*CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

In determining whether to allow the amendment here, I must consider: 1) the extent to which the joinder of Wofford is sought to defeat federal jurisdiction, 2) whether Johnson has been dilatory in asking for amendment, and 3) whether Johnson will be significantly injured if amendment is not allowed. *Bailey*, 563 F.3d at 309 (citations omitted). I may also consider any other factors bearing on the equities. *St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.*, 738 F. Supp. 1269, 1271 (E.D. Mo. 1990) (quoting *Hensgens*, 833 F.2d at 1182). Applying these factors to the present case, I will deny Johnson's motion to join Wofford.

First I must consider whether the purpose of the amendment is to defeat federal jurisdiction. Johnson claims that she learned Wofford's identity through discovery, and that she is adding him as a defendant now because he was the individual responsible for maintaining the area where she fell. To support this claim, Johnson has attached interrogatory answers to her proposed amended complaint, where Wofford is identified, along with another Texas Roadhouse employee, as a witness to the condition of the area where Johnson fell. Texas Roadhouse argues that Johnson knew, or should have known, about Wofford when she filed her state court petition, and that her motivation for joining him now is solely to defeat diversity.

Where a plaintiff attempts to add a non-diverse defendant after the case is removed, and where the plaintiff "knew or should have ascertained the identity of the defendant at an earlier time," this timing "strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002) (citing *Sexton*, 51 F. Supp. 2d at 1312; *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 429 (E.D. Tex. 1995)). Here, I find that Johnson knew, or should have known, of her potential claim against Wofford before she filed suit in state court in November 2009. The undisputed evidence shows that Johnson was aware that there were employees that witnessed the fall, and she could have ascertained their identity before filing suit.

Several other facts tend to show Johnson's improper motive here. Johnson did not mention, in her motion or proposed amended complaint, that the addition of Wofford as a defendant would defeat diversity. Failure to inform the court that joinder of a defendant would destroy diversity has been found to create a reasonable inference that the defendant was joined for the purpose of defeating federal jurisdiction. *Bailey*, 563 F.3d at 309. Also, Johnson did not provide a alternative reason for seeking to join Wofford. Johnson had an opportunity to file a reply in support of her motion, and she failed to do so. She has provided no explanation to counter Texas Roadhouse's allegations of improper motive. Under

Where a plaintiff attempts to add a non-diverse defendant after the case is removed, and where the plaintiff "knew or should have ascertained the identity of the defendant at an earlier time," this timing "strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002) (citing *Sexton*, 51 F. Supp. 2d at 1312; *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 429 (E.D. Tex. 1995)). Here, I find that Johnson knew, or should have known, of her potential claim against Wofford before she filed suit in state court in November 2009. The undisputed evidence shows that Johnson was aware that there were employees that witnessed the fall, and she could have ascertained their identity before filing suit.

Several other facts tend to show Johnson's improper motive here. Johnson did not mention, in her motion or proposed amended complaint, that the addition of Wofford as a defendant would defeat diversity. Failure to inform the court that joinder of a defendant would destroy diversity has been found to create a reasonable inference that the defendant was joined for the purpose of defeating federal jurisdiction. *Bailey*, 563 F.3d at 309. Also, Johnson did not provide a alternative reason for seeking to join Wofford. Johnson had an opportunity to file a reply in support of her motion, and she failed to do so. She has provided no explanation to counter Texas Roadhouse's allegations of improper motive. Under

Where a plaintiff attempts to add a non-diverse defendant after the case is removed, and where the plaintiff "knew or should have ascertained the identity of the defendant at an earlier time," this timing "strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002) (citing *Sexton*, 51 F. Supp. 2d at 1312; *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 429 (E.D. Tex. 1995)). Here, I find that Johnson knew, or should have known, of her potential claim against Wofford before she filed suit in state court in November 2009. The undisputed evidence shows that Johnson was aware that there were employees that witnessed the fall, and she could have ascertained their identity before filing suit.

Several other facts tend to show Johnson's improper motive here. Johnson did not mention, in her motion or proposed amended complaint, that the addition of Wofford as a defendant would defeat diversity. Failure to inform the court that joinder of a defendant would destroy diversity has been found to create a reasonable inference that the defendant was joined for the purpose of defeating federal jurisdiction. *Bailey*, 563 F.3d at 309. Also, Johnson did not provide a alternative reason for seeking to join Wofford. Johnson had an opportunity to file a reply in support of her motion, and she failed to do so. She has provided no explanation to counter Texas Roadhouse's allegations of improper motive. Under

these circumstances, I find that the timing of Johnson's motion for leave to amend, in conjunction with her other actions, indicate that the purpose of her amendment is to defeat federal jurisdiction.

Johnson does not offer a legal, or substantial factual, argument in support of joinder that would enable me to determine whether she has been dilatory in seeking amendment. *See St. Louis Trade Diverters, Inc.*, 738 F. Supp. at 1271 (plaintiffs not dilatory in seeking amendment to add non-diverse defendants where proposed amended complaint was filed within a few days after plaintiff obtained new counsel and amendment sought to add defendants that were previously dismissed for "inartful pleading"). Johnson filed her motion for leave to amend almost four months after the case was removed to federal court, and six months after the case was filed in state court. The potential negligence claim against Wofford certainly could have been discovered well before the filing of the petition in state court in November 2009 and before propounding and receiving answers to interrogatories. *See Alpers Jobbing Co., Inc. v. Northland Cas. Co.*, 173 F.R.D. 517, 520 (E.D. Mo. 1997) (plaintiffs dilatory in seeking to add non-diverse defendants whose presence in action could have been reasonably anticipated at the time case was originally filed).

Finally, Johnson will not be significantly injured if joinder is not permitted. This is a negligence action. In her proposed amended complaint, Johnson alleges

that both defendants failed to use ordinary care to prevent her fall. Where the plaintiff seeks to add a joint tortfeasor to a complaint, the plaintiff will not be significantly harmed if amendment is not allowed. *Bailey*, 563 F.3d at 309. Further, Johnson specifically alleges that Wofford was acting in the scope of his employment, removing any concern that Texas Roadhouse might not be held liable for his alleged negligence. *See Tye v. Costco Wholesale*, No. Civ. A. 2:05CV190, 2005 WL 1667597, at *5-6 (E.D. Va. June 14, 2005) (granting leave to join a non-diverse defendant after removal, where non-diverse defendant was an employee of diverse defendant, but where there was a factual dispute over whether the employee was acting in the scope of his employment). Johnson can fully recover against Texas Roadhouse without Wofford's presence in this action. *See Smith*, 229 F. Supp. 2d at 1282.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [#12] is DENIED. Plaintiff's motion for a hearing [#12-1] is also DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2010.