UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRENDA JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV36 CDP |
| TEXAS ROADHOUSE HOLDINGS, LLC, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, Brenda Johnson, orginally brought this suit in the Circuit Court of the City of St. Louis. Johnson claims she was injured in a slip and fall caused by the negligence of defendant, Texas Roadhouse Holdings, LLC. Texas Roadhouse removed the case to this Court on the basis of diversity jurisdiction. Johnson now seeks to amend her complaint to plead damages less than $75,000, exclusive of costs, and to remand the case because the amount in controversy is less than the jurisdictional requirement. Texas Roadhouse opposes the motion, arguing that the purpose of the motion to amend is to defeat diversity jurisdiction and the motion for remand should be denied because the amount in controversy exceeds $75,000. I will deny both the motion to amend and the motion for remand.

## Background

Johnson claims that, on March 14, 2009, she was injured while walking through a Texas Roadhouse Restaurant when she slipped and fell on peanut shells, dust, or other hazardous materials on the floor. She filed suit against Texas Roadhouse in the Circuit Court of the City of St. Louis on November 25, 2009. Her complaint alleges Texas Roadhouse was negligent in that it failed to use ordinary care to remove the debris from the floor. She alleges permanent, serious, and progressive injuries, including injuries to her middle and lower back. She seeks damages for lost wages, for medical and other healthcare expenses, and for interference with her ability to enjoy life. The ad damnum clause of Johnson's original complaint captioned to the Circuit Court of the City of St. Louis, "prays judgment...in an amount in excess of the jurisdictional limits of all inferior trial courts..."

On September 21, 2009, Johnson sent a demand letter to Texas Roadhouse's insurance company that said "[c]onsidering the liability of your insured, Ms. Johnson's injuries and suffering, the medical specials of $19,211.70, lost wages of $6,600.00, I am willing to recommend settlement of this matter for $200,000.00."

On January 11, 2010, Texas Roadhouse removed the case to this Court. In May, Johnson filed a motion to amend seeking to add a non-diverse defendant. I

denied the initial motion, concluding that Johnson's purpose in joining the new defendant was to defeat federal jurisdiction, that she purposefully waited until after removal to add a non-diverse defendant, and that she would not be significantly injured if the amendment were not allowed.

On August, 9, 2010, nearly seven months after removal, Johnson filed her second motion to amend. In this motion, she alleges that the amount in controversy is less than $75,000, exclusive of costs. Two days later, she filed a motion for remand claiming that diversity jurisdiction is lacking because the amount in controversy is less than the jurisdictional requirement. Paragraph 10 of the proposed amendment alleges "damages and relief are limited to $75,000, exclusive of costs." The ad damnum clause, however, still "prays judgment...in an amount in excess of the jurisdictional limits of all inferior trial courts..."

## Discussion

A defendant may remove an action from state court to federal district court if the action is within the court's original jurisdiction. 28 U.S.C. § 1441. Here, the defendant removed on the basis of diversity jurisdiction. Diversity jurisdiction exists where there is (1) complete diversity of citizenship and (2) the amount in controversy exceeds the jurisdictional minium of $75,000, exclusive of interest

and cost. 28 U.S.C. § 1332(a); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

A defendant seeking removal and opposing remand has the burden of establishing diversity jurisdiction. *Bell*, 557 F.3d at 956. Ordinarily, the amount sought in plaintiff's complaint controls when determining the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, when the defendant, as the proponent of diversity jurisdiction in removed cases, has the burden it meets that burden by proving diversity of citizenship and amount in controversy by a "preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell*, 557 F.3d at 956. The defendant's burden is the same whether the plaintiff's complaint seeks an amount of damages below the jurisdictional requirement or does not allege a specific dollar amount at all. *Bell*, 557 F.3d at 956. Once the defendant satisfies the burden, remand is only appropriate if the plaintiff can establish that the requirements for diversity jurisdiction have not been met to a "legal certainty." *Id.*

Here, Texas Roadhouse removed this case from state to federal court and the complaint does not seek a specific amount of damages. Under Missouri Supreme Court Rule 55.05, a plaintiff is not permitted to plead a specific dollar amount when a tort claim is alleged, except to determine jurisdiction. When this

case was removed with a complaint that did not allege a specific amount, Texas Roadhouse had the burden of establishing diversity jurisdiction by the preponderance of the evidence. *Bell*, 557 F.3d at 956. To support its position, Texas Roadhouse pointed to Johnson's own complaint alleging serious injuries and extensive damages. It also noted, in its response to the motion for remand, that Johnson is fifty years of age and claims to have a fractured vertebrae in her spine along with multiple herniated/bulging disks. Additionally, Johnson's demand letter recommended settlement of the case for $200,000.

Texas Roadhouse has produced sufficient evidence that the amount in controversy exceeds the jurisdictional requirement. Therefore, remand is only appropriate if Johnson can establish that the amount in controversy is less than the jurisdictional requirement to a "legal certainty." *Bell*, 557 F.3d at 956. Johnson presents no evidence, let alone evidence of legal certainty, that the amount in controversy is not met. Instead, Johnson attempts to amend her complaint purporting to limit her damages and relief to $75,000 exactly, exclusive of costs.

In *Bell*, the Eighth Circuit held that amending a complaint post-removal to allege less than the jurisdictional requirement is not enough to deprive a district court of jurisdiction. *Id.* at 958. Although the *Bell* case was brought to federal court under the Class Action Fairness Act, it is directly on point here because it

cited with approval Fifth and Seventh Circuit case law that speaks to the burden of proof on a removing defendant in the non-CAFA context. *Id.* It stated that a plaintiff may include a binding stipulation with the petition to the state court stating that she would not seek more than the federal jurisdictional requirement to ensure that any attempt to remove would be unsuccessful. *Id.* However, an amendment to the complaint after removal is not the equivalent because there is no evidence that an Iowa court would prohibit recovery that exceeded the amount noted in the ad damnum clause as a matter of law. *Id.* Missouri law is analogous because the prayer for damages in the petition does not limit the amount a plaintiff may seek at trial. Mo. Rev. Stat. § 509.050.

Because defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement and plaintiff has failed to rebut that evidence to a legal certainty, I conclude that removal jurisdiction is proper and I will deny plaintiff's motion to remand. I will also deny the motion to amend because, similar to her initial motion to amend, its only purpose was to defeat federal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend [#16] filed on August 9, 2010 is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for remand [#18] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th of October, 2010.